**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.                                   04-CR-222S - 01

**HUGH STEVENS,**

       **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Hugh Stevens ("the defendant"), by his new attorneys,[1] Seeger and Anderson (David J. Seeger, Esq.), filed an omnibus motion wherein he seeks "release from pretrial detention;" "an order compelling the government to release certain Rule 16 materials that have been wrongfully withheld;" "an order severing trial of the unarraigned defendants from the trial of the arraigned defendants;" "permission to

---

[1] Defendant was originally represented by Thomas Eoannou, Esq., but this representation was terminated by the defendant on or about July 13, 2005 and a notice of attorney appearance was filed on that date indicating that John Parinello, Esq. was now appearing on behalf of the defendant. (Docket #60). On August 22, 2005, a notice of attorney appearance on behalf of the defendant was filed by David Seeger, Esq. and attorneys Eoannou and Parinello were terminated as attorneys of record for the defendant. (Docket #63).

be fingerprinted for his citizenship application;" "an order setting a trial for a date certain;" and dismissal of certain counts set forth in the indictment. (Docket #112). The government has filed its opposition to the relief requested by the defendant in this motion. (Docket #117).

The defendant's request for dismissal of certain counts in the indictment will be addressed in a separate Report, Recommendation and Order. The remaining requests will be separately addressed herein.

**1.      Defendant's Request For Release From Pretrial Detention:**

The defendant has not presented anything new on his behalf that would warrant a reconsideration of this Court's Order of Detention dated September 27, 2004 (Docket #21) or the Decision and Order of the Hon. William M. Skretny dated March 2, 2005. (Docket #39). More specifically, the defendant has failed to provide information "that was not known to the [defendant] at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." Title 18 U.S.C. § 3142(f). Therefore, his motion seeking release from pretrial detention is DENIED.

## 2. Defendant's Request For Production Of Rule 16 Fed. R. Crim. P. Materials:

It is pointed out by this Court that defendant's prior attorney, Thomas Eoannou, Esq., filed an extensive omnibus discovery motion on behalf of the defendant on May 17, 2005 (Docket #52) wherein he sought, among other things, an exhaustive production of materials and information to which he was entitled under Rule 16 Fed. R. Crim. P. This Court addressed that Rule 16 request in its Decision and Order dated August 25, 2005. (Docket #69). The defendant is now seeking a "second bite of the apple" as to his Rule 16 requests by claiming that the government has "wrongfully withheld" production of said materials. However, the defendant fails to describe in any reasonable detail the basis that supports this allegation. Counsel for the government has represented in the government's response (Docket #117) that "the government relies on its previously-filed consolidated response (Docket Item No. 59) and attachment thereto to support its compliance with proper Rule 16 disclosure." (Docket #117, ¶ 12). In substance, the government once again represents that it has provided "all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete." (Docket #59, ¶ 5).

The defendant is seeking production of records and/or information in possession, allegedly, of the Canadian government. He also seeks records reflecting border exits and entries to and from Canada by him and his co-defendants and the "results of vehicle inspections." (Docket #112, pp. 23-24). This request is DENIED

since those items sought do not fall within the purview of Rule 16(a) of the Fed. R. Crim. P. and because the government has represented that it has produced "all materials" under Rule 16(a) of the Fed. R. Crim. P. to which the defendant is entitled thereby making the defendant's demand for such production moot.

### 3. Defendant's Motion For A Severance:

The defendant has failed to provide any legal basis as to why his request for a severance "of the arraigned defendants from their unarraigned co-defendants" should be granted. (Docket #112). If a co-defendant has not been arraigned, this Court fails to understand how that "unarraigned" defendant can be brought to trial with the arraigned defendants. Therefore, this motion of the defendant is deemed baseless and is therefore DENIED.

### 4. Defendant's Request For "Permission To Be Fingerprinted For His Citizenship Application:"

The defendant claims that he has a "pending United States citizenship application" and that he "need[s] to be fingerprinted by the Immigration and Naturalization Service (sic) at its office on Delaware Avenue in the City of Buffalo." It is this Court's understanding that this issue is moot based on the fact that the appointment date with the "Immigration and Naturalization Service" expired while defendant was seeking similar relief from the Hon. William M. Skretny or during the time period that defendant's objections to this Court's Order of Detention were being argued before Judge Skretny. Furthermore, in light of the present charges pending against the

defendant, it is very doubtful that the Department of Homeland Security (successor to the Immigration and Naturalization Service) would act upon defendant's request until the present case against him has been resolved. Therefore, the defendant's motion is DENIED.

### 5. Defendant's Request To Set A Trial For A Date Certain:

This request cannot be resolved by this Court and it is a matter for discussion with the trial judge to whom the case is assigned at the time of the pretrial conference utilized for the purpose of establishing a trial schedule. Therefore, the defendant's motion is DENIED without prejudice.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

S/ H. Kenneth Schroeder, Jr.<br>
**H. KENNETH SCHROEDER, JR.**<br>
**United States Magistrate Judge**

**DATED:**     Buffalo, New York
             September 26, 2006