**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

      **v.**                    **04-CR-222S - 01**

**HUGH STEVENS,**

       **Defendant.**

─────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Hugh Stevens ("the defendant"), by his new attorneys,[1]

Seeger and Anderson (David J. Seeger, Esq.), filed a motion wherein he seeks

dismissal of "Counts One and Two of the Indictment" on the basis that said counts are

"multiplicitous" and "Count Seven of the Indictment" on the basis that the charge is

"deficient on its face."  In the alternative, the defendant seeks "appropriate measures

───────────────────

[1] Defendant was originally represented by Thomas Eoannou, Esq., but this representation was terminated by the defendant on or about July 13, 2005 and a notice of attorney appearance was filed on that date indicating that John Parinello, Esq. was now appearing on behalf of the defendant.  (Docket #60).  On August 22, 2005, a notice of attorney appearance on behalf of the defendant was filed by David Seeger, Esq. and attorneys Eoannou and Parinello were terminated as attorneys of record for the defendant. (Docket #63).

set by the Court to prevent the government from constructively amending that Count

[Seven] in the Indictment." (Docket #112). The government has filed its opposition to

the relief requested by the defendant. (Docket #117).


## DISCUSSION AND ANALYSIS

Count One of the Indictment (Docket #8) charges the defendant as

follows:

> From in or about November 2002 and continuing up to the
> date of the return of this Indictment, in the Western District
> of New York, and elsewhere, the defendants, **HUGH
> STEVENS a/k/a "Huey," SANDRA JACOBI a/k/a "Sandi,"
> KENNETH ARTHUR MEGO, LYNN HESS, CHRISTOPHER
> RUSSO, LOUIS RUSSO, ROY D'AGOSTINO, RODGER
> PATRICK BRUNEAU, SR. a/k/a "Roger," DONALD
> SACINO, LEAH DYKE, RODGER BRUNEAU, JR.** and
> **AUBREY BRUNEAU**, did knowingly, willfully and unlawfully
> combine, conspire and agree together and with Richie
> Ahmed Mishal and Faisal Mohammad Rashid, and with
> others, known and unknown, to commit offenses against the
> United States, that is, to possess and to distribute quantities
> of ephedrine, a List I chemical, knowing and having
> reasonable cause to believe the listed chemical will be used
> to unlawfully manufacture methamphetamine, a Schedule II
> controlled substance, in violation of Title 21, United States
> Code, Section 841(c)(2); all in violation of Title 21, United
> States Code, section 846.

Count Two of the Indictment (Docket #8) charges the defendant as

follows:

> From in or about November 2002 and continuing up to the
> date of the return of this Indictment, in the Western District
> of New York, and elsewhere, the defendants, **HUGH**

**STEVENS a/k/a "Huey," SANDRA JACOBI a/k/a "Sandi," KENNETH ARTHUR MEGO, LYNN HESS, CHRISTOPHER RUSSO, LOUIS RUSSO, ROY D'AGOSTINO, RODGER PATRICK BRUNEAU, SR. a/k/a "Roger," DONALD SACINO, LEAH DYKE, RODGER BRUNEAU, JR.** and **AUBREY BRUNEAU**, did knowingly, willfully and unlawfully combine, conspire and agree together and with Richie Ahmed Mishal and Faisal Mohammad Rashid, and with others, known and unknown, to commit offenses against the United States, that is, to manufacture 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

The defendant argues that Counts One and Two of the Indictment charge "one group of people with two conspiracies to violate the same underlying statute, during similar times and at similar locations" resulting in "multiplicitous" counts. (Docket #112, p. 27).  As a result, the defendant asserts that "the government should be required to elect one of them, and the one not elected, should be dismissed." (Docket #112, p. 27).

The United States Supreme Court enunciated the rule or test to be applied in making a determination of whether an indictment contains multiplicitous counts as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of **two distinct statutory provisions**, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489, and authorities cited.  In that case this court quoted from and adopted the language of the Supreme

> Court of Massachusetts in *Morey v. Commonwealth*, 108
> Mass. 433: 'A single act may be an offense against two
> statutes; **and if each statute** requires proof of an additional
> fact which the other does not, an acquittal or conviction
> under either statute does not exempt the defendant from
> prosecution and punishment under the other.'

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added).

The Court of Appeals for the Second Circuit has reiterated this rule or test

in *United States v. Chacko,* 169 F.3d 140, 146 (1999), wherein it stated:

> In assessing whether a defendant is impermissibly charged
> with essentially the same offense more than once in
> violation of the Double Jeopardy Clause of the Constitution,
> the touchstone is whether Congress intended to authorize
> separate punishments for the offensive conduct under
> separate statutes.  *See Holmes*, 44 F.3d at 1154.  It is not
> determinative whether the same conduct underlies the
> counts; rather, it is critical whether the "**offense**" -- in the
> legal sense, as defined by Congress -- complained of in one
> count **is the same as that charged in another**.
>
> To assess whether the two offenses charged separately in
> the indictment are really one offense charged twice, the
> "same elements" test or the "*Blockburger*" test is applied.
> The *Blockburger* test examines whether each charged
> offense contains an element not contained in the other
> charged offense.  *See Dixon*, 509 U.S. at 696, 113 S. Ct.
> 2849.  If there is an element in each offense that is not
> contained in the other, they are not the same offense for the
> purposes of double jeopardy, and they can both be
> prosecuted.

(citations omitted) (emphasis added).

However, the defendant's motion seeking either a forced election by the

government or in the alternative, dismissal of either Count One or Count Two is

premature and therefore, it is RECOMMENDED that it be DENIED based on the

Second Circuit Court of Appeals' recent ruling in *United States v. Josephberg*, 459 F.3d

350, 355 (2d Cir. 2006) wherein the Court stated:

> The Double Jeopardy Clause of the Fifth Amendment
> provides that no person "shall . . . be subject for the same
> offense to be twice put in jeopardy of life or limb."  U.S.
> Const. amend. V.  This constitutional command
> encompasses three distinct guarantees: (1) It protects
> against a second prosecution for the same offense after
> acquittal.  (2) It protects against a second prosecution for the
> same offense after conviction.  (3) And it protects against
> multiple punishments for the same offense.  *Illinois v. Vitale*,
> 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)
> (internal quotation marks and alterations omitted).
>
> Where there has been no prior conviction or acquittal, the
> Double Jeopardy Clause does not protect against
> simultaneous prosecutions for the same offense, so long as
> no more than one punishment is eventually imposed.  It is
> well established that "[w]hether to prosecute and what
> charge to file or bring before a grand jury are decisions that
> generally rest in the prosecutor's discretion, and "a
> defendant has no constitutional right to elect which of two
> applicable federal statutes shall be the basis of his
> indictment and prosecution. . . ."  *United States v.
> Batchelder*, 442 U.S. 114, 124, 125, 99 S.Ct. 2198, 60
> L.Ed.2d 755 (1979).  Where two statutory sections operate
> independently of one another, "there is no bar to the
> Government's proceeding with prosecution simultaneously
> under the two statutes."  *Ball v. United States*, 470 U.S. 856,
> 860, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *see
> Batchelder*, 442 U.S. at 11, 99 S.Ct. 21988.  In such
> circumstances, "the Double Jeopardy Clause imposes no
> prohibition to simultaneous prosecutions."  *Ball,* 470 U.S. at
> 860 n. 7, 105 S.Ct. 1668.  Even where the Double Jeopardy
> clause would bar cumulative punishment for more than one
> such offense, "the Clause does not prohibit the State from
> prosecuting [the defendant] for such multiple offenses in a
> single prosecution."  *Ohio v. Johnson*, 467 U.S. 493, 500,
> 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *see, e.g., Ball*, 470

U.S. at 860 n. 8, 105 S.Ct. 1668 ("'there can be no impropriety . . . for a prosecutor to file an information containing counts charging violations of' several different provisions of the federal bank robbery statute where there is evidence to support the charges, even though the defendant could not in the end stand convicted of both offenses" (quoting *United States v. Gaddis*, 424 U.S. 544, 550, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976))).

Accordingly, "[i]f, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense." *Ball*, 470 U.S. at 865, 105 S.Ct. 1668.  If the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment.  If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts.  *See id*. ("Should the jury return guilty verdicts for each count, . . . the district judge should enter judgment on only one of the statutory offenses.").  Or, if judgment of conviction has been entered on more than one such count, the district court should vacate the conviction on all but one.  *See id*. ("remand[ing] with instructions to have the District Court exercise its discretion to vacate one of the convictions").

**Defendant's Request For Dismissal Of Count Seven:**

The defendant asserts that "Count Seven of the Indictment charging [him] with maintaining a continuing criminal enterprise ("CCE") should be dismissed as deficient on its face or, in the alternative, appropriate measures should be set by the Court to prevent the government from constructively amending that Count of the Indictment."  (Docket #112, pp. 27-28).

The main thrust of the defendant's argument is that Count Seven fails to "identify the predicate narcotics violations that are alleged to make up the 'continuing series of violations'" and therefore, said Count should be dismissed.  (Docket #112, p. 31).

This argument has been expressly rejected by the Second Circuit Court of Appeals in its decision in the case of *United States v. Flaharty*, 295 F.3d 182 (2d Cir.), *cert. denied,* 537 U.S. 936 (2002).  In *Flaharty*, the charge at issue was practically verbatim to the present Count Seven with some minor differences, and the argument made by the defendants in attacking that charge was precisely the same as that being made by the defendant herein.  In responding to the argument raised, the Court of Appeals stated:

> A continuing criminal enterprise, as proscribed by 21 U.S.C.
> § 848, is defined in part as "a continuing series" of felony
> drug violations of any of the provisions in the subchapters
> comprising §§ 801-971 of Title 21.  *See* 21 U.S.C. § 848(c).
> We have interpreted "a continuing series" to mean at least
> three felony drug violations committed over a definite period
> of time.  *See, e.g.*, *United States v. Aiello*, 864 F.2d 257,
> 264 (2d Cir. 1988).
>
> In *Richardson v. United States*, 526 U.S. 813, 119 S.Ct.
> 1707, 143 L.Ed.2d 985 (1999), the Supreme Court held that
> in order to find a defendant guilty of engaging in a continuing
> criminal enterprise, the jury may not simply agree that the
> defendant committed three underlying crimes but must
> unanimously agree on which of the (three or more) individual
> violations constituted the continuing series.  *See id.* at 824,
> 119 S.Ct. 1707.  Although *Richardson* requires that the jury
> be unanimous on each of the constituent felonies, we have
> held that an indictment that does not identify which of many

alleged felonies constituted the series is not thereby defective.  In *Santana-Madera v. United States*, 260 F.3d 133 (2d Cir. 2001) ("*Santana-Madera*"), *cert. denied*, ____ U.S. ____, 122 S.Ct. 817, 151 L.Ed.2d 701 (2002), we noted the lack of specificity in the indictment:

"[L]ike nearly all pre-*Richardson* CCE indictments, Santana-Madera's indictment did not specify which offenses constituted the "continuing series of violations."  The CCE count simply alleged that Santana-Madera organized or managed at least five other persons in connection with three or more of the nine federal drug law violations alleged in the indictment.  260 F.3d at 136.

However, we rejected the contention that the lack of specificity meant that the CCE count failed to charge an offense.  We concluded that in "alleg[ing] that Santana-Madera supervised five or more people in the commission of three or more of the nine violations of the drug laws listed in the indictment, [t]he indictment thus alleged all the elements of the CCE offense, . . . even after *Richardson*."  *Santana-Madera*, 260 F.3d at 140 n. 3.

Count three of the superseding indictment in the present case was less informative than the indictment in *Santana-Madera* as to the felonies constituting the series, for count three referred only to "felony violations of . . . Sections 841(a)(1) and 846," and counts one and two simply charged § 846 conspiracies to violate §§ 841(a)(1) and 860; but we cannot conclude that the superseding indictment thereby failed to allege an offense.  In order to state an offense, "[a]n indictment need only track the language of the statute and, if necessary to apprise the defendant 'of the nature of the accusation against him,' . . . state time and place in approximate terms."  *United States v. Bagaric*, 706 F.2d 41, 61 (2d Cir.) (quoting *Russell v. United States*, 369 U.S. 749, 766, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)), *cert. denied*, 464 U.S. 840, 104 S.Ct. 134, 78 L.Ed.2d 128 (1983), *abrogated on other grounds by National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).  Count three here closely tracked the language of § 848(c), and it alleged that the continuing series of felonies were violations of §§ 841(a)(1) and 846, and that the enterprise was conducted "[i]n or about and between 1992

and April 1998 . . . within the Eastern District of New York
and elsewhere."  We thus conclude that count three did not
fail to charge an offense.

*Id.* at 197-198.

Since Count Seven in the present indictment tracks the language of the statute which apprises the defendant of the nature of the charge against him, along with the place and time period involved in approximate terms, the defendant's motion to dismiss is without merit and therefore, it is hereby RECOMMENDED that it be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).


The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


 

 

 

 

                                       **S/ H. Kenneth Schroeder, Jr.**
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**


**DATED:**     **Buffalo, New York**
             **September 27, 2006**