UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

HUGH STEVENS, et al.

                Defendants.

**ORDER**
04-CR-222S

      1.      On September 14, 2004, several defendants, including Hugh Stevens, were charged in a multi-count Indictment with conspiracy and possession with intent to distribute Ephedrine to manufacture Methamphetamine in violation of 21 U.S.C. §§ 841(c)(2), 846, 848(a), 853(a), and 18 U.S.C. § 2.  This Court thereafter referred this matter to the Honorable H. Kenneth Schroeder, United States Magistrate Judge, for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1).

      2.      On April 18, 2006, Defendant Stevens filed a motion seeking, *inter alia*, release from pretrial detention, permission to be fingerprinted for his citizenship application, an order compelling release of Rule 16 materials, and an order severing the trial of the arraigned Defendants from the unarraigned Defendants and setting a trial date.

      3.      On September 27, 2006, Judge Schroeder filed a Decision and Order denying all of Defendant Stevens' requested relief.

      4.      On October 12, 2006, Defendant Stevens filed timely Objections to Judge Schroeder's Decision and Order.  After full briefing and oral argument, this Court reserved decision on Defendant Stevens' Objections on November 29, 2006.

      5.      Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter pending before the court.[1]  The magistrate judge's order on

---

[1]Under this district's Local Rules, review of a magistrate judge's order is governed by 28 U.S.C. § 636(b)(1). See Local Rule of Criminal Procedure 58.2(a)(2).

such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A). As such, this Court will set aside or modify Judge Schroeder's Decision and Order in this case only if it finds that it is clearly erroneous or contrary to law.

6.      Having reviewed Defendant Stevens' objections, this Court finds that he has not established that Judge Schroeder's Decision and Order is clearly erroneous or contrary to law.  Accordingly, this Court will deny Defendants' Objections with one exception.   In the interest of resolving this case in an expeditious manner, this Court will grant Defendant Stevens' request for severance and for a trial date for Defendants Hugh Stevens, Sandra Jacobi, Kenneth Mego, Lynn Hess, Christopher Russo, and Louis Russo.

IT HEREBY IS ORDERED, that Defendant Stevens' Objections to Judge Schroeder's September 27, 2006 Decision and Order (Docket No. 132) are GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that Judge Schroeder's September 27, 2006 Decision and Order (Docket No. 129) is AFFIRMED, but for his denial of Defendant Stevens' request for a severance and a trial date.

FURTHER, that Defendant Stevens' Motion (Docket No. 112) is DENIED, except for his request for a severance and a trial date.

SO ORDERED.

Dated:   December 22, 2006
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

2