UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                     **DECISION AND ORDER**
                                                                     04-CR-222S

HUGH STEVENS,

                    Defendant.

Presently before this Court is Defendant Hugh Stevens's Second Motion for Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A), which the government opposes. (Docket Nos. 571, 575, 576.) In essence, Stevens seeks reconsideration of this Court's May 12, 2020 denial of his first motion,[1] familiarity with which is presumed. See United States v. Stevens, 459 F. Supp. 3d 478 (W.D.N.Y. 2020). For the reasons discussed below, Stevens's motion is denied.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). One statute that authorizes modification is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018, provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term

---

[1] See Affirmation of Cheryl Meyers Buth, Esq., Docket No. 571-1, ¶ 27 (indicating that Stevens "is asking that his motion for compassionate release be reconsidered").

1

>of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).

This Court denied Stevens's previous motion for compassionate release because he failed to demonstrate extraordinary and compelling reasons for a sentence reduction under the statute. See Stevens, 459 F. Supp. 3d at 484-87. In so doing, this Court thoroughly considered Stevens's medical conditions, immigration status, separation from his family, and conditions of confinement. See id. Of particular note, this Court found that although Stevens is susceptible to serious illness from COVID-19 due to his age and health, he failed to demonstrate that his facility of confinement—Correctional Institution Big Spring (Flightline)—would not or could not guard against COVID-19 or adequately treat him if he contracted the virus. See id at 486. Moreover, this Court considered that at the time of the motion, there were no confirmed COVID-19 cases at Big Spring (Flightline). See id. Consequently, finding that Stevens asserted only a generalized fear of possibly contracting COVID-19 and failed to establish any failings by the Bureau of Prisons, this Court denied his motion.

In his present motion, Stevens reiterates the points he raised in his first motion, which this Court already considered and rejected. See Affirmation of Cheryl Meyers Buth, Esq. ("Buth Aff."), Docket No. 571-1, ¶¶ 28-39. He also raises two new arguments. First,

he maintains that there is now an outbreak of COVID-19 at the Big Spring complex, which is comprised of three correctional facilities, including Big Spring (Flightline).  See Buth Aff. ¶¶ 16-23.  Second, he argues that the Second Circuit's decision in United States v. Brooker, 976 F.3d 228 (2d Cir. 2020) provides for a more expansive consideration of factors that may warrant compassionate release.  See Buth Aff. ¶¶ 24-27.  Neither argument is persuasive.

First, there is no evidence of a COVID-19 outbreak at Big Spring (Flightline). According to the most recent information available, there are only three positive cases at Big Spring (Flightline).[2]  While there may be more positive cases elsewhere in the Big Spring complex as Stevens suggests, it appears that the measures taken at Big Spring (Flightline) have been reasonably effective given the low number of reported cases there. In addition, there continues to be no showing that Big Spring (Flightline) is unable to treat Stevens if he falls ill.  Stevens thus fails to establish extraordinary and compelling reasons for compassionate release.  See, e.g., United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Gagne, 451 F. Supp. 2d 230, 235 (D. Conn. 2020) (denying compassionate release where the defendant failed to show "that the [Bureau of Prisons] cannot adequately manage the [COVID-19] pandemic or treat her to a reasonable degree").

Second, the Second Circuit's decision in Brooker does not provide any more

---

[2] See https://www.bop.gov/coronavirus/ (last visited December 17, 2020).

3

expansive review than this Court previously employed. In Brooker, the Second Circuit held that

> the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.

976 F.3d at 237.

But even before Brooker, this Court recognized that its review was not constrained by U.S.S.G. § 1B1.13, including in resolving Stevens's first motion. See Stevens, 459 F. Supp. 3d at 485 n. 7 (citing United States v. Marks, 455 F. Supp. 3d 17, 22-26 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Direct for purposes of U.S.S.G. § 1B1.13 comment n. 1(D) ("Other Reasons"))). Moreover, this Court considered each of Stevens's arguments without limitation, and did so both individually and in combination. See Stevens, 459 F. Supp. 3d at 487 ("But whether considered individually or in combination, this Court fails to see how these additional reasons warrant the extraordinary relief of a sentence reduction."). Brooker is therefore not cause for relief.

Accordingly, this Court again finding no basis to grant relief under 18 U.S.C. § 3582 (c)(1)(A), Stevens's motion is denied.

IT HEREBY IS ORDERED, that Stevens's Second Motion for Compassionate Release (Docket No. 571) is DENIED.

SO ORDERED.

Dated:   December 18, 2020
         Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge