UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  **DECISION AND ORDER**
                                                        04-CR-222S (1)

HUGH STEVENS,

                       Defendant.

On May 12, 2020, this Court denied Defendant Hugh Stevens's first motion for compassionate release brought under 18 U.S.C. § 3582 (c)(1)(A). See United States v. Stevens, 459 F. Supp. 3d 478 (W.D.N.Y. 2020).[1]  Seven months later, on December 18, 2020, this Court denied Stevens's second motion seeking the same relief. See United States v. Stevens, 04-CR-222S, 2020 WL 7416954 (W.D.N.Y. Dec. 18, 2020).[2]  Stevens now seeks reconsideration of this Court's December 18, 2020 decision. (Docket No. 578.)  For the reasons below, Stevens's motion is denied.

Motions for reconsideration brought in criminal cases are assessed under the civil reconsideration standard, since there is no express criminal procedure provision for such motions.  See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases).  Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest

---

[1] This decision is filed at Docket No. 570.

[2] This decision is filed at Docket No. 577.

1

injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision.  See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."  Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, Stevens fails to state a valid ground for reconsideration: he does not assert an intervening change in controlling law; he does not cite new evidence; he does not allege a need to correct a clear error of law; and he

does not establish a need to prevent manifest injustice. Instead, Stevens seeks reconsideration on the basis that on the same date that this Court denied his motion, another district judge granted compassionate release to an inmate in his facility that Stevens perceives to be similarly situated to himself. See United States v. Luis Rojas, 01 Cr. 257-1 (AT), Docket No. 304 (S.D.N.Y. Dec. 18, 2020).[3] But this fact does not warrant reconsideration for two reasons.

First, decisions by other district judges are not precedential or controlling. See Camreta v. Greene, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02 [1][d], p. 134-26 (3d ed. 2011)); Arculeo v. On-Site Sales & Marketing, LLC., 321 F. Supp. 2d 604, 609 (S.D.N.Y. 2004).

Second, Rojas does not consider the measures taken by the facility (Big Spring (Flightline)) to combat COVID-19 or the facility's ability to treat Rojas if he becomes ill. These are two important considerations in resolving motions for compassionate release. See United States v. DeBerry, 16-CR-142S, 2020 WL 7395356, at *6 (W.D.N.Y. Dec. 17, 2020) (noting that the defendant "made no showing that the Bureau of Prisons is ignoring the outbreak or unable to treat him if he contracts the virus") (collecting cases). For example, as of this writing, there is just a single inmate case of COVID-19 at Big Spring

---

[3] This decision is filed at Docket No. 578-1.

(Flightline), and there has been no showing that the facility is unable to adequately treat ill inmates.[4]   Rojas is thus not persuasive.

Consequently, this Court finds no basis for reconsideration.   Stevens's motion is therefore denied.

IT HEREBY IS ORDERED, that Stevens's Motion for Reconsideration (Docket No. 578) is DENIED.

Dated:      January 6, 2021
            Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

4 See https://www.bop.gov/coronavirus/ (last visited January 5, 2021).